UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL WALKER (#093207)

VERSUS                                              CIVIL ACTION

J.R. HUNT, III, ET AL                               NUMBER 10-185-JVP-SCR

**NOTICE**

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
 In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Baton Rouge, Louisiana, March 24, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL WALKER (#093207)

VERSUS                                                CIVIL ACTION

J.R. HUNT, III, ET AL                                 NUMBER 10-185-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against J. R. Hunt, III, Jamie Alexander and BBB Member "The Review Case Research."

Plaintiff alleged that in January 2008 his sister made a $150.00 advance payment to "The Review Case Research" to conduct research for the plaintiff regarding his criminal case.[1] Plaintiff alleged that he wrote the organization inquiring about the status of the research. Plaintiff alleged that he received correspondence from J. R. Hunt, with a return address in Fultondale, Alabama, who forwarded to him a potential client form. Plaintiff alleged that he wrote a second letter to "The Review Case Research" and received a response from Jamie Alexander, with a return address in Atlanta, Georgia. Plaintiff alleged Alexander confirmed that the plaintiff

---

[1] The court assumes that "The Review Case Research" is the entity which employs defendants Hunt and Alexander, and that BBB Member is meant to indicate that it is a member of the Better Business Bureau.

was a client and assured the plaintiff that it would take no more than two months to complete the requested research. Plaintiff alleged that he has not received the research and has been defrauded by the defendants.

Plaintiff filed this complaint on forms specifically intended for suits pursuant to 42 U.S.C. §1983; however, the allegations of the complaint do not suggest any basis for federal question jurisdiction under 28 U.S.C. §§ 1331 and 1334.

Additionally, this court lacks diversity jurisdiction. District courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.  28 U.S.C. § 1332.  For purposes of subject matter jurisdiction, the court generally looks to the complaint itself to determine what amount is in controversy.  *Horton v. Liberty Mutual Insurance Company*, 367 U.S. 348, 81 S.Ct. 1570, *rehearing denied*, 368 U.S. 870, 82 S.Ct. 24(1961).

Plaintiff failed to allege sufficient facts to meet the jurisdictional amount required by 28 U.S.C. § 1332.  While the court can assume from the allegations in the complaint that there is diversity of citizenship between the plaintiff and all defendants, there is no basis to conclude that the amount in controversy required by § 1332 - $75,000 - is present.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, March 24, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE